**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| **JANICE THOMAS,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:19-CV-12133** |
| **V.** | **JUDGE JANE TRICHE MILAZZO** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **Defendant.** | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW INTO COURT, comes Defendant,[1] Liberty Life Assurance Company of Boston ("Liberty Life") n/k/a Lincoln Life Assurance Company of Boston, and through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint (the "Complaint") filed by Janice Thomas ("Plaintiff"), and states as follows:

1. Liberty Life admits that, by this action, Plaintiff seeks to recover benefits from Liberty Life under ERISA, but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Liberty Life admits that this Court has jurisdiction over this matter. Liberty Life specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

3. Liberty Life admits that Plaintiff is over eighteen years of age. Liberty Life admits that Plaintiff was, at certain times, employed by Wal-Mart Stores, Inc. ("Walmart") and a participant in the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by Walmart. Liberty Life further admits that long term disability ("LTD") benefits from the Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GD/GF3-850-290765-01 (the "Policy") issued by Liberty Life to Walmart. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Louisiana. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that Plaintiff was, at certain times, employed by Walmart and a participant in the Plan. Liberty Life further admits that LTD benefits from the Plan were, at certain times, insured, at least in part, by the Policy issued by Liberty Life to Walmart. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 of the Complaint contain legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

7. Liberty Life admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Liberty Life further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, and Liberty Life refers to the administrative record itself as the

best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 7 of the Complaint.

8. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 8 of the Complaint seek to interpret the provisions of the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life denies the allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits that it received an appeal of the denial of Plaintiff's claim for LTD benefits from the Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it sent a letter to Plaintiff dated April 5, 2018, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life denies the allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life denies the allegations contained in Paragraph 13 of the Complaint.

14. Liberty Life denies the allegations contained in Paragraph 14 of the Complaint.

15. Liberty Life denies the allegations contained in Paragraph 15 of the Complaint.

16. Liberty Life denies the allegations contained in Paragraph 16 of the Complaint.

17. Liberty Life denies the allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life denies the allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life denies the allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life denies the allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life denies the allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life denies the allegations contained in Paragraph 22 of the Complaint.

No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Liberty Life denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Liberty Life assert the following affirmative defenses:

**FIRST DEFENSE**

To the extent the Complaint seeks future benefits or extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**SECOND DEFENSE**

The Policy and plan document(s) at issue vested Liberty Life with the sole discretion to make LTD benefit and eligibility determinations under the Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Liberty Life's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

**THIRD DEFENSE**

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the Plan.

**FOURTH DEFENSE**

Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**SIXTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Liberty Life, Liberty Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**SEVENTH DEFENSE**

This action is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Liberty Life denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA.

**NINTH DEFENSE**

Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## TENTH DEFENSE

At all times material to the Complaint, Liberty Life acted in good faith and in compliance with the terms and conditions of the Plan and discharged its duties with respect to the Plan in the interest of the participants and beneficiaries.

## ELEVENTH DEFENSE

A claimant's entitlement to future ERISA benefits under the terms of the Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that she is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the Plan.

## TWELFTH DEFENSE

Liberty Life specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

WHEREFORE, having fully answered the Complaint, Liberty Life prays that this Court:

(1) Enter Judgment in its favor and dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2) Deny each and every demand and prayer for relief contained in Plaintiff's Complaint;

(3) Award Liberty Life its reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 1132(g); and

(4) Award Liberty Life such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of November 2019.


*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

- And -

*/s/ René E. Thorne*
René E. Thorne (LA Bar No. 22875)
thorner@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

**COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2019, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers