Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MS JANICE THOMAS

EXHIBIT

2

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5709

April 5, 2018

Ms. Janice A. Thomas

RE: Long Term Disability (LTD) Benefits
Wal-Mart Stores, Inc.
Claim #: 7125287

Dear Ms. Janice Thomas:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond February 16, 2018.

**Initial Claim Decision**

You submitted a claim for your absence from work as of August 12, 2016, as a result of being involved in a motor vehicle accident and sustaining a right ankle fracture. Your LTD benefits began on February 17, 2017, therefore the change in definition of disability occurred on February 17, 2018 and to receive benefits beyond 12 months you must be disabled from any occupation as defined in the Policy. Benefits beyond February 16, 2018 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated February 7, 2018. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information: "updated medical information from February 16, 2018 through present from Dr. Hontas or any other provider to support your inability to return to work on a full time without restrictions. This information should include office notes, test results, imaging, or any consultations; as well as any additional comments, documents, records, or other information, including any Social Security decision you may have received that you feel will support your claim."

**Appeal**

In your letter of appeal sent March 8, 2018, you indicated that you are still under doctor's care and unable to work anywhere at that time. You noted that you cannot do the following: stand or walk on your foot for 4-8 hours a day; drive for 4-8 hours a day; use your right foot to press the gas pedal, crawl or squat; lift 10 pounds or more; or walk and lift 10 pounds or more. You noted that

you lose control of your right foot and you have bad knees. Wal-Mart has terminated you due to health and medical issues because you are unable perform your duties and they do not have a sit-down job for you.

In support of your claim, you submitted the following information:
November 20, 2017 office visit note from Dr. Hontas (duplicate previously on file).
November 20, 2017 bilateral ankle x-ray report (duplicate previously on file).
January 29, 2018 office visit note from Dr. Hontas.

**Appeal Evaluation**

On July 31, 2017, your claim was reviewed by an independent physician who is board certified in orthopedic surgery, Dr. Muzzonigro. On July 26, 2017, Dr. Muzzonigro spoke to your physician, Dr. Hontas and their conversation was documented as follows: "The reviewer spoke with Dr. Hontas, an orthopedic surgeon. The claimant appears capable of full time sedentary to light duty work. At this juncture, the claimant has finished physical therapy, protective weight-bearing, prescription medications, and has advanced to a HEP. It appears that the claimant is being restricted due to reports of discomfort when weight-bearing although Dr. Hontas describes the claimant's habitus as thin, with no secondary negative comorbid diagnoses. Her past medical history includes asthma, depression, and previous history of morbid obesity status post gastric procedure. She lost weight and currently has a BMI of 23.5. The reviewer and the provider are in agreement with the claimant's functional abilities and outlined disability." On September 27, 2017, Dr. Hontas confirmed this by his signature.

On January 15, 2018, your claim was reviewed by a different independent physician who is board certified in orthopedic surgery. Based on his review of the medical records, the reviewing surgeon concluded that the available records did not support continued impairment or need for work restrictions. He noted that you were about a year and a half following the fracture. The fractures have healed uneventfully; but, you had continued symptoms of uncertain cause. Dr. Hontas has found good range of motion and no swelling. He has not described any posttraumatic arthritis findings. He has not described any gait abnormalities or need for assistive devices. He has not described any significant loss of motion. The slight angulation of the distal fibula seems unlikely to be a cause of significant impairment.

On January 17, 2018, the reviewing orthopedic surgeon, spoke to your physician, Dr. Hontas, and their conversation was documented as follows: "You noted that Ms. Thomas has consistently had right ankle pain despite healing of her fractures. You described the distal tibia fracture as a crush injury at the anterior lip of the distal tibia. She has some modest angulation of the distal fibula as well. You felt that she may be developing some degree of post-traumatic arthritis. She does not use a cane but has a consistent limp due to the ankle pain. You do not feel that she can work on her feet most of an 8 hour day and should be limited to sedentary sit down work. You are considering referral to a foot and ankle specialist."

On January 29, 2018, your attending physician, Dr. Hontas, indicated that you were doing better in that you could stand and walk for longer distances; but, still had limits. He noted you could not stand and walk over an 8 hour day.

During the review of your appeal, your claim was reviewed by a Disability Nurse Case Manager.

Based on her review of the medical records, the nurse concluded that the following restrictions and limitations were supported: occasional standing and walking; and no lifting, pushing, pulling, and carrying more than 10 pounds.

Your claim was reviewed by a vocational consultant, for a transferrable skills analysis based on your prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by the January 17, 2018 call confirmation letter to Dr. Hontas and the January 2018 orthopedic surgeon review. The analysis showed that you would be able to perform the following sedentary physical demand occupations: Customer Service Representative, Order Clerk, Telephone Solicitor, and Cashier (Check cashing store, car dealership, and museum). The restrictions and limitations as assessed on appeal would not preclude you from performing the previously identified occupation.

We are aware that your claim for Social Security Disability Income benefits is being processed. It should be noted that any ruling by the Social Security Administration does not determine entitlement to benefits under the terms and conditions of the Wal-Mart Stores, Inc. Group Disability Income Policy.

**Conclusion**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that you may have continued to experience some symptoms associated with your condition beyond February 16, 2018. However, the information does not contain physical exam findings, diagnostic test results or other forms of medical documentation supporting your symptoms and impairments remained of such severity, frequency and duration that they resulted in restrictions or limitations rendering you unable to perform the duties of the occupations identified as being with in your functional capacity and vocational skills after that date.

Having carefully considered all of the information submitted in support of your claim, our position remains that proof of your continued disability in accordance with the Policy provisions after February 16, 2018 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

*"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:*
*1. For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:*
*i. that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material*

*and Substantial Duties of Any Occupation.*

***"Material and Substantial Duties"**, with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

***"Proof"** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
*Proof must be submitted in a form or format satisfactory to Liberty.*

***Discontinuation of the Long Term Disability Benefit***
*The Monthly Benefit will cease on the earliest of:*
*1. the date the Covered Person fails to provide Proof of continued Disability or Partial Disability and Regular Attendance of a Physician;*
*. . .*
*8. the date the Covered Person is no longer Disabled according to this policy;*
*. . .*

***Legal Proceedings***
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

***Notice and Proof of Claim***
*. . .*
*2. **Proof***
*a. Satisfactory Proof of loss must be given to Liberty no later than 30 days after the end of the Elimination Period.*
*b. Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time. Such Proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, later than one year from the time Proof is otherwise required.*
*c. Proof of continued loss, continued Disability or Partial Disability, when applicable, and Regular Attendance of a Physician must be given to Liberty within 30 days of the request for such Proof.*
*Liberty reserves the right to determine if the Covered Person's Proof of loss is satisfactory.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Liberty Life Assurance Company of Boston (Liberty), and to submit any additional information you wished to be considered as part of the appeal. Liberty has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Liberty and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

Nothing in this letter should be construed as a waiver of any Liberty Life Assurance Company of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Liberty Life Assurance Company of Boston are based on the provisions outlined in Wal-Mart Stores, Inc. Group Disability Income Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you have any questions regarding this matter, please contact me.

Sincerely,

Stephanie Berry
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16391
Secure Fax No.: (603) 334-5709